## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| IN RE:  JOHNSON & JOHNSON | ) | MDL NO. 16-2738 (FLW) (LHG) |
| TALCUM POWDER PRODUCTS | ) | JUDGE FREDA L. WOLFSON |
| MARKETING, SALES PRACTICES, | ) | MAG. JUDGE LOIS H. GOODMAN |
| AND PRODUCTS LIABILITY | ) | |
| LITIGATION | ) | COMPLAINT AND JURY DEMAND |
| | ) | |
| RUBY WOODS | ) | Civil Action Number |
| | ) | |
| VERSUS | ) | DIRECT FILED ACTION |
| | ) | |
| JOHNSON & JOHNSON, JOHNSON | ) | |
| & JOHNSON CONSUMER, INC., | ) | |
| IMERYS TALC AMERICA, INC. | ) | |
| and PERSONAL CARE PRODUCTS | ) | |
| COUNCIL | ) | |

## AMENDED SHORT FORM COMPLAINT AND JURY DEMAND

The Plaintiffs named below file this *Amended Short Form Complaint and Demand for Jury Trial* against Defendants named below by and through the undersigned counsel. Plaintiffs incorporate by reference the allegations contained in *Plaintiffs' Master Long Form Complaint* in *In re: Talcum Powder Products Marketing, Sales Practices, and Products Liability Litigation*, MDL No. 2738 in the United States District Court for the District of New Jersey. Plaintiffs file this Short Form Complaint as permitted by Case Management Order No. 1 of this Court.

In addition to those causes of action contained in *Plaintiffs' Master Long Form Complaint*, where certain claims require specific pleadings and/or

amendments, Plaintiff shall add and include them herein.

## <u>IDENTIFICATION OF PARTIES</u>

### <u>Identification of Plaintiff(s)</u>

1.  Name of individual injured due to the use of talcum powder

    product(s):

    <u>        Ruby Woods                        </u>

2.  At the time of the filing of the specific case, Plaintiff(s) is/are a citizen

    of <u>        Bartleh, TN                                </u>

3.  Consortium Claim(s):  The following individual alleges damages for

    loss of consortium:<u>                                        </u>

4.  Survival and/or Wrongful Death Claims:

    Name and residence of Decedent Plaintiff when she suffered the

    talcum powder product(s) related death:<u> Ruby Woods, 3249 Bluemont </u>

    <u>Drive, Bartleh, TN            </u>

5.  Plaintiff/Decedent was born on 02/23/1941<u>            </u>and died on

    <u>                N/A                                </u>

6.    Plaintiff is filing this case in a representative capacity as the Not

Applicable of the Not Applicable, having been duly appointed as the

Not Applicable by the Not Applicable Court of ___Not Applicable___


7.    As a result of using talcum powder products, Plaintiff suffered

personal and economic injuries that are alleged to have been caused

by the use of the products identified in Paragraph 16 below, but not

limited to, the following:

_____ injury to herself

_____ injury to the person represented

_____ wrongful death

_____ survivorship action

_____ economic loss

_____ loss of services

_____ loss of consortium

_____ other:_____

_____

**Identification of Defendants**

8.  Plaintiffs are suing the following Defendant(s) (please check all that apply)[1]:

☑Johnson & Johnson

☑Johnson & Johnson Consumer Inc.


☑Imerys Talc America, Inc. ("Imerys Talc")

☑Personal Care Products Council ("PCPC")

**Additional Defendants:**

☐Other(s) Defendant(s) (please specify): Not Applicable

## JURISDICTION & VENUE

**Jurisdiction:**

9.  Jurisdiction in this Short Form Complaint is based on:

☑   Diversity of Citizenship

☐   Other (The basis of any additional ground for jurisdiction must be pled in sufficient detail as required by the applicable Federal Rules of Civil Procedure).

---

[1]  If additional Counts and/or Counts directed to other Defendants are alleged by the specific Plaintiffs as to whom this *Short Form Complaint* applies, the specific facts supporting these allegations must be pleaded by the Plaintiffs in a manner complying with the requirements of the Federal Rules of Civil Procedure, and the Defendants against whom they are alleged must be specifically identified on a separate sheet of paper attached to this *Short Form Complaint*.

_____

**<u>Venue:</u>**

10. District Court(s) and Division (if any) in which venue was proper

where you might have otherwise filed this Short Form Complaint

absent the direct filing Order entered by this Court and to where

remand could be ordered by the Judicial Panel for trial:

<u>United States District Court for the District of New Jersey</u>

_____

## <u>CASE SPECIFIC FACTS</u>

11. Plaintiff(s) currently reside(s) in (City, State):_____

12. At the time of the Plaintiff's/Decedent's diagnosis with a talcum

powder product(s) injury, Plaintiff/Decedent resided in (City, State):

_____

13. The Plaintiff was diagnosed with a talcum powder product(s) injury in

(City/State):_____on_____

14. To the best of Plaintiff's knowledge, Plaintiff began using talcum

powder product(s) on or about the following date: _____and

continued the use of talcum powder product(s) through about the

following date:_____

15.    The Plaintiff purchased talcum powder product(s) in the following

(State): Mississippi_____

16.    Plaintiff/Decedent used the following talcum powder products:

✓ Johnson & Johnson's Baby Powder

✓ Shower to Shower

## CAUSES OF ACTION

17.    Plaintiff hereby adopt(s) and incorporate(s) by reference the *Master Long Form Complaint and Jury Demand* as if fully set forth herein.

18.    The following claims and allegations asserted in the Master *Long Form Complaint and Jury Demand* are herein adopted by reference by Plaintiff(s):

   ✓    Count I: Products Liability – Strict Liability – Failure to Warn (Against Imerys Talc)

   ✓    Count II: Products Liability – Strict Liability – Failure to Warn (Against the Johnson & Johnson Defendants)

   ✓    Count III: Products Liability – Strict Liability – Defective Manufacturer and Design (Against Imerys Talc)

✓ Count IV: Products Liability – Strict Liability – Defective Manufacturer and Design (Against the Johnson & Johnson Defendants)

✓ Count V: Breach of Express Warranties (Against the Johnson & Johnson Defendants)

✓ Count VI: Breach of Implied Warranty of Merchantability (Against the Johnson & Johnson Defendants)

✓ Count VII: Breach of Implied Warranty of Fitness for a Particular Purpose (Against the Johnson & Johnson Defendants)

✓ Count VIII:  Negligence (Against Imerys Talc)

✓ Count IX: Negligence (Against the Johnson & Johnson Defendants)

✓ Count X:  Negligence (Against PCPC)

✓ Count XI:  Negligent Misrepresentation (Against the Johnson & Johnson Defendants)

✓ Count XII: Fraud (Against the Johnson & Johnson Defendants)

✓ Count XIII:  Fraud (Against PCPC)

✓ Count XIV: Violation of State Consumer Protection Laws of the State of <u>Louisiana</u> (Against the Johnson & Johnson Defendants)

✓ Count XV: Fraudulent Concealment (Against Imerys Talc)

✓    Count XVI: Fraudulent Concealment (Against the Johnson & Johnson Defendants)

✓    Count XVII:  Fraudulent Concealment (Against PCPC)

✓    Count XVIII:  Civil Conspiracy (Against All Defendants)

✓    Count XIX: Loss of Consortium (Against All Defendants)

✓    Count XX:  Punitive Damages (Against All Defendants)

✓    Count XXI: Discovery Rule and Tolling (Against All Defendants)

☐    Count XXII:  Wrongful Death (Against All Defendants)

☐    Count XXIII:  Survival Action (Against All Defendants)

Furthermore, Plaintiffs assert the following additional theories and/or State Causes of Action against Defendant(s) identified in Paragraph Nine (9) above. If Plaintiffs include additional theories of recovery, to the extent they require specificity in pleadings, the specific facts and allegations supporting these theories must be pled by Plaintiffs in a manner complying with the requirements of the Federal Rules of Civil Procedure.

**Negligent Misrepresentation Against All Defendants**

Defendants had a duty to accurately and truthfully represent to the medical and healthcare community, Plaintiff, and the public, that the Products had been tested and found to be safe and effective for use in the perineal area.  Defendants

breached their duty in representing the Products had no serious side effects. As a foreseeable, direct, and proximate result of the negligent misrepresentation of Defendants, Plaintiff has been injured and suffered damages.

### Inadequate Warning Against the Johnson & Johnson Defendants and Imerys Talc

The Products were defective and unreasonably dangerous due to the insufficient warnings to alert consumers of the dangers of the Products. Plaintiff could not have discovered any defect in the Products through the exercise of reasonable care. The Defendants had a continuing duty to warn Plaintiff of the dangers associated with the Products. Had those warnings been given, Plaintiff would not have used them.

**WHEREFORE**, Plaintiffs pray for relief and judgment against Defendants of compensatory damages, punitive damages, interest, costs of suit, and such further relief as the Court deems equitable and just, and as set forth in the Master Long Form Complaint as appropriate.

### <u>JURY DEMAND</u>

Plaintiffs hereby demand a trial by jury as to all claims in this action.

Dated: June 29, 2020.

SWEET & ASSOCIATES
158 EAST PASCAGOULA STREET
JACKSON, MISSISSIPPI  39201
TELEPHONE:      601-965-8700
TELECOPIER:     601-965-8719
E-MAIL:             dennis.sweet@sweetandassociates.net


/s/ Dennis C. Sweet III
    Dennis C. Sweet III

Trial Counsel for Plaintiff, _____
Mississippi Bar Number: 8105

## CERTIFICATE OF SERVICE

I hereby certify that service of the above and foregoing pleadings was

accomplished through the Notice of Electronic Filing for parties and counsel who are

Filing Users and that service was accomplished on any party or counsel who is not a

Filing User in accordance with the Federal Rules and Local Rules of this Honorable

Court on this date.

June 29, 2020.

/s/ Dennis C. Sweet III
    Dennis C. Sweet III